IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

BETTY JANE IQAL, D/B/A
PONY EXPRESS NO. 27                                                                PLAINTIFF

VS.                         CASE NO. 4:07CV0001105

SOUTHERN GUARANTY
INSURANCE COMPANIES                                                                DEFENDANT

**ORDER**

Pending before the Court is defendant's Motion to Dismiss and plaintiff's response. For the reasons stated below, the Motion to Dismiss is granted in part and denied in part (#3). Plaintiff brings his complaint alleging that defendant breached their contract and acted in bad faith when it failed to pay benefits under an insurance policy for damages caused as a result of a fire at his restaurant. Defendant seeks to dismiss the bad faith claim arguing that plaintiff has failed to state facts showing that it affirmatively acted in bad faith as defined by Arkansas law.

The court assumes as true all factual allegations of the complaint. *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 914 (8th Cir. 2001). "However, the complaint must contain sufficient facts, as opposed to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal." *DuBois v. Ford Motor Credit Co.*, 276 F.3d 1019, 1022 (8th Cir. 2002). "In appraising the sufficiency of the complaint [the Court] follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

Plaintiff alleges in his complaint that defendant has refused to pay the benefits that he is due, that defendant has unreasonably rejected his documentation of loss, and that defendant has unreasonably refused to provide justification for rejection of his documentation.

Under Arkansas law, "[a]n insurance company commits the tort of bad faith when it affirmatively engages in dishonest, malicious, or oppressive conduct in order to avoid a just obligation to its insured." *Switzer v. Shelter Mut. Ins. Co.*, 362 Ark. 419, 433, 208 S.W.3d 792 (2005).  Moreover, "[s]uch a claim cannot be based upon good faith denial, offers to compromise a claim or for other honest errors of judgment by the insurer.  Neither can this type claim be based upon negligence or bad judgment so long as the insurer is acting in good faith." *Aetna Cas. And Sur. Co. v. Broadway Arms Corp.*, 281 Ark. 128, 134, 664 S.W.2d 463, 465 (1984).

While the Court finds that plaintiff has pleaded insufficient facts, it will allow plaintiff to amend his complaint within 30 days of this Order or the claim will be dismissed.

IT IS SO ORDERED THIS   5   day of   December , 2007.

_____
James M. Moody
United States District Judge